508 F.2d 415
 R. E. CRUISE, INCORPORATED and Irving Kleiman, Plaintiffs-Appellants,
v.
George O. BRUGGEMAN, as Director of the Division of Building
and Safety Engineering of the City of Warren,
Michigan, and Joseph S. Raich, as City
Clerk, Defendants-Appellees.
 No. 74-1309.
 United States Court of Appeals, Sixth Circuit.
 Decided Jan. 10, 1975.
 
 Gabriel Glantz, Detroit, Mich., for plaintiffs-appellants.
 Sherman P. Faunce, II, Warren City Atty., W. Thomas Marrocco, Jr., Warren, Mich., for defendants-appellees.
 Before EDWARDS, CELEBREZZE and LIVELY, Circuit Judges.
 The Court delivered a per curiam opinion. EDWARDS, J. (p. 416) delivered a separate concurring opinion.
 PER CURIAM.
 
 
 1
 This action was begun by the owners of real estate in Warren, Michigan who claimed that the defendants, acting under color of law, had refused to issue the plaintiffs a building permit and theatre license in violation of rights guaranteed to them by the Constitution and 42 U.S.C. 1983. The complaint was filed on April 24, 1973 and on August 17, 1973 the district court granted a motion to dismiss. On August 22, 1973 the plaintiffs made a motion to file an amended complaint and to set aside the dismissal. The motion to set aside the dismissal was granted by the court, and the plaintiffs subsequently filed an amended complaint and an amendment thereto. Although no order was entered specifically permitting the filing of the amended complaint, the final memorandum and order of the court dated December 28, 1973 makes clear that the District Judge considered the amended complaint.
 
 
 2
 On October 12, 1973, the court entered an order in which it set the matter for oral argument on the plaintiffs' motion to amend the complaint and the defendants' motion to dismiss, which the court directed should be treated as a motion for summary judgment. That hearing was held on November 19th and then adjourned to January 29, 1974. Thereafter counsel for both sides indicated to the court that they desired an earlier disposition of the matter. On December 3, 1973, plaintiffs' attorney wrote the court that he had nothing else to submit beyond his amended complaint and a brief which he had filed on November 14th. On November 30, 1973, the defendants filed a formal motion for summary judgment under Rule 56, Fed.R.Civ.P., accompanied by four supporting affidavits. The affidavit of a city planner of Warren, Michigan stated that the parking lot depicted in the plans filed by plaintiffs with their application for a permit would need variances from the Zoning Board of Appeals and that it failed in four respects described therein to comply with an existing ordinance. The affidavit of a zoning inspector of the City of Warren stated that he reviewed the plans filed by plaintiffs on the same day they were submitted with the application and determined that the parking lot and an addition thereto would need site-plan approval before the matter could be processed further. The affidavit stated that this officer, who was not a defendant in the action, put a Planning Commission 'hold' on the plans in reliance on existing ordinances of the City of Warren. An affidavit of the Assistant City Attorney of Warren, Michigan stated that site-plan approval was required for the proposed parking lot in conjunction with the theatre and that the submitted plan did not comply with an existing ordinance of the City of Warren. The affidavit of the defendant Bruggeman recited that the plaintiffs had never sought site-plan approval though informed of the deficiencies of the application. This affidavit further stated that the affiant was unaware of the contents of conversations and meetings between the attorney for the plaintiffs and the Assistant City Attorney of Warren as set forth in the plaintiffs' pleadings, and categorically denied that the defendant Bruggeman had directed any of the actions taken by the Assistant City Attorney in handling the application of the plaintiffs. These affidavits complied with the provisions of Rule 56(e), Fed.R.Civ.P.
 
 
 3
 Nothing was filed by the plaintiffs in response to the affidavits. Rule 56(e) provides in part:
 
 
 4
 When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
 
 
 5
 We believe that summary judgment was appropriate and that the court correctly entered it in this case in the absence of any response to the affidavits of the defendants. No further hearing was required because the affidavits set forth in the form required by Rule 56(e) the same matters which had been previously submitted to the court in oral argument and briefs. When the plaintiffs failed to respond to the affidavits filed by the defendants the facts stated therein stood uncontroverted of record, since the plaintiffs could not thereafter rely on the 'mere allegations . . . of (their) pleading' to establish the existence of a genuine issue of fact. In this posture, the only issue between the parties was whether the plaintiffs had complied with the requirements of an ordinance of the City of Warren, Michigan in attempting to obtain a theatre license and building permit. No issue was presented under the Constitution or any law of the United States. As the district court held, 'This matter can be resolved at the state level without litigating constitutional issues.'
 
 
 6
 The judgment of the district court is affirmed.
 
 
 7
 EDWARDS, Circuit Judge (concurring).
 
 
 8
 Plaintiff's complaint and amended complaint stated a cause of action for conspiracy to deprive plaintiff of federal constitutional rights under the First Amendment.
 
 
 9
 As the Court's per curiam points out, however, the District Judge dismissed this case on the basis of a motion for summary judgment supported by sworn affidavits which gave an entirely different set of reasons for the City's failure to issue plaintiff a building permit.
 
 
 10
 Plaintiff has a right under Rule 56 of the Federal Rules of Civil Procedure to respond with sworn affidavits showing, if plaintiff could, that plaintiff's application did comply with the City's zoning ordinances. Alternatively plaintiff could have filed affidavits attesting under oath to facts, if they were available, which showed that the City's reliance upon the zoning ordinance's parking provisions was a mere pretext to hide an unconstitutional purpose. No such affidavits, however, were filed.
 
 
 11
 I concur.