**In re Raymond KINSTLE and Velma Kinstle, Debtors.**

**Nicholas KINSTLE, Plaintiff,**

v.

**Raymond R. KINSTLE, et al., Defendants.**

**Bankruptcy No. 94–3036. Related No. 93–33384.**

United States Bankruptcy Court, N.D. Ohio, Western Division.

Aug. 23, 1994.

David R. Pheils, Jr., Dale Crandall, Perrysburg, OH, for plaintiff.

Bruce C. French, Trustee, Lima, OH.

## MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Motion for Summary Judgment.

The Court has reviewed the written arguments of Counsel, affidavits, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that Plaintiff's Motion for Summary Judgment should be Granted.

### FACTS

On June 17, 1993 in the Common Pleas Court of Allen County, Ohio, Plaintiff obtained a judgment against Defendants for an award of Two Hundred Eighty Thousand and 00/100 Dollars ($280,000.00) in compensatory damages; an award of Sixty Thousand Two Hundred and 00/100 Dollars ($60,200.00) in punitive damages plus statutory interest of ten percent (10%). The jury verdicts include a Fifty-four Thousand and 00/100 Dollars ($54,000.00) award for conversion and a Two Hundred Twenty-six Thousand and 00/100 Dollars ($226,000.00) award for breach of contract. Plaintiff obtained a Certificate of Judgment on June 21, 1993.

Defendants filed for relief pursuant to Chapter 7 of the Bankruptcy Code on November 29, 1993. Plaintiff filed a Complaint Objecting to Discharge of Debtor as to this Creditor on March 1, 1994. Service of the Complaint was completed by publication on March 30, 1994. Neither Defendants nor their Counsel filed an Answer or other responsive pleading. The Court conducted a Pre–Trial on May 3, 1994 and neither Defendant nor their Counsel appeared. Plaintiff subsequently filed a Motion for Summary Judgment. Again, neither Defendants nor their counsel filed a Motion for Summary Judgment or other responsive pleading.

### LAW

11 U.S.C. § 523

§ 523. Exceptions to discharge.

  (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity:

## DISCUSSION

This case is a core proceeding pursuant to 11 U.S.C. 157(b)(2)(I) and the Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1334.

Plaintiff's Motion for Summary Judgment is predicated upon allegations that the judgment obtained by Plaintiff is nondischargeable under 11 U.S.C. § 523(a)(6) since Defendants' conduct is willful, malicious and the result of fraud. As evidence of Defendant's willful and malicious behavior, Plaintiff states the following: (1) that Defendants valued real estate located at 829 East Third Street, Delphos, Ohio significantly higher than the appraised value; (2) that Defendants failed to disclose their interest in certain insurance policies; (3) that Defendants failed to disclose their entire corporate holdings and undervalued corporate assets; (4) that Defendants concealed their ownership and subsequent closure of accounts in financial institutions during the year preceding the commencement of their bankruptcy case; and (5) that Defendants have secreted themselves from the Court, defying orders of the court, denying Plaintiff access to discovery, and preventing the application of their assets to their debts.

The standard for summary judgment is found in Rule 56 of the Federal Rules of Civil Procedure and Bankruptcy Rule 7056. Summary judgment will only be granted when the movant can demonstrate that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). To prevail, the movant must be able to demonstrate all elements of a cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). A motion for summary judgment must be construed in the light most favorable to the party opposing the motion. *In re Weitzel*, 72 B.R. 253, 256 (1987) (citing *In re Sostarich*, 53 B.R. 27 (Bankr.W.D.Ky.1985)).

Under 11 U.S.C. § 523(a)(6), any debt emanating from the willful and mali-

cious injury by the debtor to another entity or to the property of another entity is excepted from discharge. Exceptions to discharge are construed strictly against the creditor. *In re Perry*, 166 B.R. 319, 321 (Bkrtcy. M.D.Tenn.1994) (citing *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915)). The standard of proof is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

"Willful" and "malicious" injury is defined in the Sixth Circuit decision of *Perkins v. Scharffe*, 817 F.2d 392 (6th Cir.1987), *cert. denied*, 484 U.S. 853, 108 S.Ct. 156, 98 L.Ed.2d 112 (1987). In *Perkins*, the court reasoned that within the purview of 11 U.S.C. § 523(a)(6), malicious injury is any injury which is wrongful or excessive, without just cause. There is no requirement of personal hatred, spite or ill-will. "Willful" denotes deliberate and intentional acts which necessarily lead to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury. *In re Perry, supra*, at 321. "When a wrongful act such as conversion, an intentional tort, necessarily produces harm and is without just cause or excuse, it is 'willful and malicious' even absent proof of a specific intent to injure." *In re Aubrey*, 111 B.R. 268 (9th Cir. BAP 1990) (citing *In re Cecchini*, 780 F.2d 1440, 1443 (9th Cir.1986)).

In this case, there is no genuine issue of material fact and Plaintiff is entitled to prevail as a matter of law. According to the case law, the state court judgment for conversion, enhanced by an award of punitive damages, is sufficient to satisfy the "willful and malicious" requirement of 11 U.S.C. § 523(a)(6). *See In re Harper*, 117 B.R. 306 (Bkrtcy.N.D. Ohio 1990). Under 11 U.S.C. § 523(a)(6), any indebtedness arising from willful and malicious injury by the debtor to another entity or the entities' property, is excepted from discharge.

In reaching the conclusion found herein, the Court has considered all of the evidence,

exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment be, and is hereby, GRANTED.

**ORDERED** that the state court judgment rendered against Debtors for Two Hundred Twenty-Six Thousand and 00/100 Dollars ($226,000.00) is exempt from discharge under 11 U.S.C. § 523(a)(6).