In re Diana S. DONAHOE, Debtor.

William M. WORTMAN, Plaintiff,

v.

Diana S. DONAHOE, Defendant.

Bankruptcy Nos. 94–3133, 94–31503.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 16, 1995.

Colleen M. O'Connell, Findlay, OH, for plaintiff.

Patti Baumgartner–Novak, Findlay, OH, for defendant.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Plaintiff's Complaint to Determine Dischargeability of a Debt, Defendant's Motion for Summary Judgment and Memorandum in Support, and Plaintiff's Reply. Plaintiff has also filed a Motion in Limine regarding certain letters he had written to Defendant, and Defendant filed a Reply. This Court has reviewed the arguments of counsel, exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Plaintiff's Motion in Limine should be denied, and Defendant's Motion for Summary Judgment should be granted.

### FACTS

Plaintiff and Defendant recently terminated their personal relationship. Plaintiff and Defendant had seen each other for approximately four years, and lived together from November of 1993 to mid February, 1994. At issue in this case are funds received by Plaintiff which he had deposited in Defendant's checking account on or about January 26, 1994. Plaintiff received these funds, totaling approximately Three Thousand Seven Hundred Dollars ($3,700.00), as a result of a property settlement from his former marriage. Plaintiff claims that these funds were put in Defendant's checking account in trust, until such time as Plaintiff could arrange his own checking account. Defendant no longer has the funds, and claims to have spent them on living expenses during a time after her break-up with Plaintiff in which she could not work. Plaintiff now seeks to have this "debt" declared non-dischargeable.

Not surprisingly, Defendant's characterization differs quite markedly from Plaintiff's. Defendant claims these funds were either a gift to help her get on her feet financially, or were given as payment for debts acquired during the relationship both before and during the time the Parties lived together. Defendant offers two letters handwritten by Plaintiff to show that Plaintiff did not expect any reimbursement of these funds. Plaintiff

does not deny having written these letters. The first letter reads as follows:

Diana,

You have to do, what you must do. I will stand ready to deal with the consequences of my actions.

I am still struggling with everything, where I must go, who I really am!?

Believe me, I am *sorry* for the pain *I Have* caused you.

I will always love you!

Now for the mechanics of this. I will be by around 3:30 Tuesdays to pick up my things.

I would like to have:

> \* A picture of us—one of them.
>
> \* Your old T.V. You can have the new one
>
> \* I would like to have a check for $900.00 (my last paycheck) & then $500 when your other money comes in. The rest of the money is yours.

> Bill

Defendant claims to have paid to Plaintiff the funds requested in the letter, and Plaintiff does not refute this claim. The second letter was apparently written after the first. It reads as follows:

> 2/28/93

Diana,

I was glad to see that you must be feeling better, to come back to work. I have decided to file for a re-organization Bankruptcy instead of chapter 11. I will be paying back all of those accounts. Which leads me to a couple of items. We need to talk about what is a fair division of certain property I & we purchased and *who gets* that property.

In question (1) I deposited with you $4,600 in your account ($900 + payroll and 3700 divorce settlement)

(2) T.V. and Entertainment case

(3) Gas Grill

(4) Lawn Mower

(5) Engagement Rings

Remember all the clothes for both of us! Your response please!! We can have a legal document drawn up for both of our protection if you wish.

> Bill

P.S. I have not forgotten the Villager.

According to Defendant, the reference to the Villager regards a minivan she bought so Plaintiff could see his children. Defendant states this is one of the many debts she incurred on Plaintiff's behalf. Plaintiff has objected to these letters on the basis that they are inadmissible settlement offer under Rule 408 of the Federal Rules of Evidence. Plaintiff has not objected on any other basis.

## LAW

The Federal Rules of Evidence provide in pertinent part:

### Rule 408. Compromise and Offers to Compromise

Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct in statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

The Bankruptcy Code provides in pertinent part:

### 11 U.S.C. § 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

## DISCUSSION

Determinations concerning the allowance or disallowance of claims against the estate, and determinations as to the dischargeability of particular debts, are core proceedings pursuant to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

There are two issues to be resolved in this case. First, whether the letters offered by Defendant are admissible under Rule 408 of the Federal Rules of Evidence. Second, whether Defendant has shown that there is no material issue of fact, and is entitled to summary judgment as a matter of law. For the reasons stated below, this Court holds that Rule 408 does not bar the letters from evidence in this case, and that Defendant is entitled to summary judgment as Plaintiff has not come forward with any evidence or even the assertion of evidence, other than his own testimony, that substantiates his claim.

■ Plaintiff claims that the letters offered by Defendant contain offers of settlement, and should therefore be excluded under Rule 408 of the Federal Rules of Evidence. The Federal Rules of Evidence are applicable to an adversary proceeding in bankruptcy under Bankruptcy Rule 9017. Rule 408 provides that evidence of a settlement offer may not be admitted to show liability for or invalidity of the claim or its amount. The Sixth Circuit aptly explained the law regarding Rule 408 in *Korn, Womack, Stern and Associates, Inc. v. Fireman's Funds Insurance Co.*, 27 F.3d 566, 1994 WL 264263 (6th Cir. (Mich.)):

> The rule ... does not require exclusion when the evidence is offered for another purpose [other than to prove liability or for either validity or amount of a claim], such as proving bias or prejudice of a witness, negativing a contention of undue delay or proving an effort to obstruct a criminal investigation or prosecution. 2 Wienstein & Berger, Weinstein's Evidence P 408[01] (1992).

> The purpose of the rule recognizes that disputes are often settled for reasons having nothing to do with the merits of a claim. A potential defendant may settle from a simple desire for peace, judging that the expense and inconvenience of litigation are worth paying a certain sum to avoid. This being so, evidence of a settlement may have little relevance to the validity of the claim and may subvert the truth-finding goal of a trial. *United State v. Hays*, 872 F.2d 582, 589 (5th Cir.1989) ('It does not tax the imagination to envision the juror who retires to deliberate with the notion that if the defendants had done nothing wrong, they would not have paid the money back').

> Evidence must be excluded under Rule 408 if it tends to show:
> '(1) either
> (a) the defendant's offer, or
> (b) the plaintiff's acceptance of
> (2) a valuable consideration
> (3) in compromise of a disputed claim
> Such evidence is inadmissible if it is offered to show the invalidity of the plaintiff's claim or the liability of the defendant.'
> 23 Wright & Graham, Federal Practice and Procedure, s 5303 at 176 (1980).

1994 WL 264263 at 6.

■ Plaintiff misunderstands the scope of Rule 408. Rule 408 bars the admission of evidence only when the evidence is offered to show the following inference: that because a settlement offer was made, the offeror must be liable, because people don't offer to pay for things for which they are not liable. As stated above, not only is this inference often factually incorrect, allowing the admission of evidence to show such an inference would have the effect of deterring settlement negotiations. Thus, the Rule seeks to bar evidence admitted to show this inference.

In the case at bar, the letters are offered to show a different inference. Defendant seeks to have the evidence admitted to show that Plaintiff intended, or caused Defendant to believe he intended, to allow Defendant to

keep the money in her checking account either as a gift, or as repayment for debts incurred and monies spent by Defendant. That is, Defendant seeks to have the evidence admitted as direct proof of the underlying substance of the disputed issue in this case, not indirect proof that Plaintiff knows he must be liable because he made such an offer. Thus, the letters are admissible.

The next issue to be considered is whether Defendant should be granted summary judgment. Summary judgment will be granted to the movant upon demonstration that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catreet*, 477 U.S.. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). A Motion for Summary Judgement must be construed in the light most favorable to the party opposing the Motion. *In re Weitzel*, 72 B.R. 253, 256 (quoting *In re Sostarich*, 53 B.R. 27 (Bankr. W.D.Ky. (1985)).

■ Defendant comes forward in her Motion for Summary Judgment with copies of checks from the checking account in question, the letters discussed supra, and her own affidavit. In her affidavit she states that she paid Plaintiff the monies requested in his first letter, and that she spent the money in the checking account thinking that Defendant was not claiming an interest the funds. Thus, Plaintiff makes two assertions. First, that Plaintiff's claim is invalid, and, second, that her actions were not fraudulent, and therefore the debt, if any, is not exempt from discharge under Bankruptcy Code § 523(a)(2)(A) as alleged by Plaintiff. While this adversarial proceeding is not the procedurally proper proceeding to determine the validity of claims, the Court agrees on both counts, and finds no basis for the exception to discharge.

■ The Plaintiff must prove five elements to succeed on its claim under § 523(a)(2)(A): (1) the Debtors made false representations, (2) the Debtors knew such representations to be false at the time they were made, (3) the representations were made with the intent to defraud the creditor, (4) the creditor must have reasonably relied on the representations, (5) the creditor incurred resulting damage. *In re Phillips*, 804 F.2d 930, 932 (6th Cir.1986); *In re Martin*, 761 F.2d 1163, 1165 (6th Cir.1985); *In re Triplet*, 139 B.R. 687, 689 (Bankr.N.D.Ohio 1992). A mere promise to be executed in the future is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach. *In re Barker*, 14 B.R. 852, 857 (Bankr.E.D.Tenn.1981); *In re Guy*, 101 B.R. 961, 978 (Bankr.N.D.Ind. 1988).

Plaintiff is unable to show any of the necessary elements to an action under § 523(a)(2)(A) in this case. Other than his bare allegation, there is no evidence offered or alleged to support the conclusion that Defendant made any representations at all, making it considerably unlikely that Plaintiff could show that the representations where known to be false when made, or made with the intent to defraud. Further, there can be no reasonable reliance when the Plaintiff himself wrote a letter directing the Defendant to keep the funds other than those requested in the letter. Plaintiff does not argue that Defendant has not paid the funds requested in the first letter. Rather, Plaintiff simply argues that the letter should be excluded, and attempts to make no justification for its existence. Thus, Plaintiff has shown no evidence or likelihood of finding evidence that would tend to prove the existence of a "trust" created for his benefit.

Further, it is evident from the checks presented by Defendant (and Plaintiff has not objected to this evidence) that approximately Three Thousand Three Hundred Dollars ($3,300.00) of the money in the checking account was spent before Plaintiff wrote his second letter, where Plaintiff apparently makes a claim on the disputed funds for the first time. Thus, this Court finds that Plaintiff's cause of action fails under § 523, and will grant Defendant's Motion for Summary Judgment.

It should also be noted that under Plaintiff's allegations, he also could have asserted an exception to discharge under § 523(a)(4),

for fraud while acting in a fiduciary capacity. Plaintiff claims that Defendant fraudulently disposed of funds she held in trust for the benefit of Plaintiff. Because this issue was not brought up in the pleadings, the Court will not address it at length, other than to hold that any claim Plaintiff could have made under this exception is also without merit. As stated above, Plaintiff has failed to come forward with any evidence that could prove the existence of a trust, or any breach of that trust. Thus, Plaintiff's claim also fails under § 523(a)(4).

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Plaintiff's Motion in Limine be, and is hereby, *DENIED*.

It is **FURTHER ORDERED** that Defendant's Motion for Summary Judgement be, and is hereby, *GRANTED*.