**In re Stephen H. WIENER, Debtor.**

**William G. Sheehan, Plaintiff,**

v.

**Stephen H. Wiener, et al., Defendants.**

**Bankruptcy No. 97–3336.**

United States Bankruptcy Court, N.D. Ohio.

Sept. 23, 1998.

648

Louis J. Yoppolo, Toledo, OH, for Chapter 7, trustee.

William G. Sheehan, David M. Schnorf, Toledo, OH, for plaintiff.

Stephen H. Wiener, H. Buswell Roberts, Jr., Toledo, OH, for defendants.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Bankruptcy Judge.

This cause comes before the Court upon Motion for Summary Judgment of Defendant/Debtor Stephen H. Weiner (hereafter "Debtor"), and Plaintiff's Memorandum in Opposition. As the Plaintiff explains, the

Plaintiff and the Debtor were fifty percent shareholders in a corporation. The Plaintiff sued the Debtor in state court to dissolve the corporation and to recover converted funds. The arbitration award found that (1) the Plaintiff owed the Debtor One Hundred Fifty-two Thousand Four Hundred Seventy-three and 08/100 Dollars ($152,473.08), and (2) the Debtor owed the Plaintiff Fifty-six Thousand Nine and 02/100 Dollars ($56,009.02), which includes an award of Fifty–Thousand Dollars ($50,000.00) in punitive damages based upon the arbiter's finding that the Debtor had converted funds. The arbiter then netted the amounts Plaintiff and Debtor owed each other, and found that the Plaintiff owed the Debtor the difference of Ninety-six Thousand Four Hundred Sixty-four and 06/100 Dollars ($96,464.06). This award was appealed by both parties. Both the Plaintiff and the Debtor have filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. The appeal of the arbitrator's award has been stayed by virtue of the automatic stay in these cases.

The Plaintiff filed the present adversary complaint alleging that the punitive damage award against the Debtor is nondischargeable pursuant to § 523(a)(6) of the Bankruptcy Code as a debt for willful and malicious injury. The Debtor filed the present Motion for Summary Judgment, arguing alternatively that there is no "debt" to be found nondischargeable pursuant to § 523, or that even if this Court were to consider that there is a separate debt (notwithstanding the netting of the amounts in the arbitrator's award), the Debtor would be entitled to apply his debt to the Plaintiff against and to Plaintiff's debt to the Debtor under the doctrines of setoff or recoupment, rendering the dischargeability determination moot.

In its Memorandum in Opposition, the Plaintiff proffers this Court's decision in *In re Kinstle*, 172 B.R. 869 (Bankr.N.D.Ohio 1994) to show that the debt at issue could be nondischargeable pursuant to § 523(a)(6). However, the Plaintiff does not address the Debtor's arguments regarding setoff and/or recoupment, other than to say that the Debtor's arguments regarding setoff or recoupment are not supported by the cases cited,

and that "[n]one of those cases held that a compensatory setoff would eliminate a punitive damage claim of a creditor. Such a result would be inequitable and in contravention of 11 U.S.C. § 523(a)(6) and the decision in *Kinstle* [.]"

A movant will prevail on a Motion for Summary Judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986), Fed.R.Civ.P. 56(c), Fed.R.Bankr.P. 7056. In order to prevail, the movant must demonstrate all elements of the cause of action. *R.E. Cruise, Inc. v. Bruggeman*, 508 F.2d 415, 416 (6th Cir.1975). Thereafter, the opposing party must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). Inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *Matsushita v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). See also *In re Bell*, 181 B.R. 311 (Bankr.N.D.Ohio 1995).

The decision of the Court in *In re Gaither*, 200 B.R. 847 (Bankr.S.D.Ohio 1996), cited by the Debtor, provides a clear and accurate rendition of the law regarding setoff and recoupment:

'The right of setoff (also called "offset") allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the "absurdity of making A pay B when B owes A."' *Citizens Bank of Maryland v. Strumpf*, 516 U.S. [16], [18], 116 S.Ct. 286, 289, 133 L.Ed.2d 258, 262 (1995) *citing, Studley v. Boylston National Bank*, 229 U.S. 523, 33 S.Ct. 806, 57 L.Ed. 1313 (1913). The Bankruptcy Code does not create a federal right of setoff; however, subject to certain exceptions, 11 U.S.C. § 553(a) preserves any setoff rights which otherwise exists. *Strumpf*, at [18], 116 S.Ct. at 289.

Pursuant to § 553, a debt owed by a creditor to the debtor may be setoff against a claim the creditor holds against the debtor, however, only debts and claims which 'arose before commencement of the case' may be setoff against each another, prepetition claims against a debtor cannot be setoff against postpetition debts owed to the debtor. 11 U.S.C. S 553(a); *Lee v. Schweiker*, 739 F.2d 870, 875 (3rd Cir. 1984); *In re Maine*, 32 B.R. 452, 454 (Bankr.W.D.N.Y.1983). A setoff requires mutual debts, generally arising out of separate transactions. *In re Alpco, Inc.*, 62 B.R. 184, 188 (Bankr.S.D.Ohio 1986); *In re Harmon*, 188 B.R. 421, 425 (9th Cir. BAP 1995); *In re University Medical Center*, 973 F.2d 1065, 1079 (3rd Cir.1992). The exercise of a setoff is subject to the automatic stay, 11 U.S.C. S 362(a)(7); *Strumpf*, at [18], 116 S.Ct. at 289, and the bankruptcy discharge injunction. 11 U.S.C. § 524; *In re Maine*, 32 B.R. at 454. The application of a setoff is permissive and lies within the equitable discretion of the trial court. *In re Southern Indus. Banking Corp.*, 809 F.2d 329, 332 (6th Cir.1987).

Recoupment is an equitable doctrine. In contrast to setoff, recoupment is not mentioned by the Bankruptcy Code but rather is recognized through judicial decisions. See, *Reiter v. Cooper*, 507 U.S. 258, 265 n. 2, 113 S.Ct. 1213, 1218 n. 2, 122 L.Ed.2d 604 (1993) ('It is well settled ... that a bankruptcy defendant can meet a plaintiff-debtor's claim with a counterclaim arising out of the same transaction, at least to the extent that the defendant merely seeks recoupment.') see also, *In re Heffernan Memorial Hosp. Dist.*, 192 B.R. 228, 230 (Bankr.S.D.Cal.1996); *In re American Sunlake Ltd. Partnership*, 109 B.R. 727, 730 (Bankr.W.D.Mich.1989). Unlike setoff, recoupment does not involve mutual debts, *In re Alpco, Inc.*, 62 B.R. at 188; *In re Harmon*, 188 B.R. at 425; *In re Heffernan Memorial Hosp. Dist.*, 192 B.R. at 230, and is not subject to the automatic stay. *In re Maine*, 32 B.R. at 455. Because recoupment only reduces a debt, rather than constituting an independent basis for a debt, it is not a claim in bankruptcy, therefore, it is not subject to the discharge injunction. *In re Maine*, 32 B.R. at 455; *In re Harmon*, 188 B.R. at 425.

Recoupment 'is essentially a defense to the debtor's claim against the creditor rather than a mutual obligation, and [is applied when] the limitations on setoff in bankruptcy would be inequitable.' *Lee*, 739 F.2d at 875 (alteration added); *In re University Medical Center*, 973 F.2d at 1079–80. 'In recoupment, the elements of the debt may arise either before or after the commencement of the case.' *In re Harmon*, 188 B.R. at 425. 'The only real requirement regarding recoupment is that the sum can be reduced only by matters arising out of the same transaction as the original sum.' *Waldschmidt v. CBS, Inc.*, 14 B.R. 309, 314 (M.D.Tenn.1981).

An express contractual right to recoupment is not necessary for a creditor to exercise recoupment, nor does the mere fact that a contract exists between a creditor and a debtor automatically allow a creditor to exercise recoupment. *In re University Medical Center*, 973 F.2d at 1080. In bankruptcy, however, recoupment 'has been applied primarily where [the relevant claims] arise out of the same contract.' *Lee*, 739 F.2d at 875 (alteration added), see also, *In re Alpco, Inc.*, 62 B.R. at 188 ('a single contract may be considered as one transaction for the purposes of recoupment').

200 B.R. at 850.

The distinction between setoff and recoupment has also been explained as follows:

Generally, a claim forming the basis of a setoff right arises from a transaction different from that from which the primary claim derives. The principal feature of a setoff claim is the underlying debts be "mutual"—that is, that each party owe something to the other in the same right and capacity. A claim underlying a right of recoupment, on the other hand, must arise from the same contract or transaction as that forming the basis for the original claim.

Norton Bankruptcy Law and Practice 2d, § 63:2 (1997) citing *University Medical Cen-*

*ter* and *In re Counts*, 54 B.R. 730 (Bankr. D.Col.1985).

In the case at bar it is clear that even if the Plaintiff were to prevail in the appeal of the arbitrator's award, and even if this Court were to find that there were separate debts at issue, the Debtor would still be able to exercise the right to setoff or recoupment against the Plaintiff's claim. Ohio law clearly provides a right to setoff. See *Baker v. National City Bank of Cleveland*, 511 F.2d 1016 (6th Cir.1975) (applying Ohio law), *Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441, 504 N.E.2d 1100 (1986), and *General Motors Acceptance Corp. v. Belmares*, 75 Ohio App.3d 285, 599 N.E.2d 436 (1992). Also, the Plaintiff's discharge would not be a bar to the Debtor's right to setoff. See Collier on Bankruptcy, 553.08[1] (15th ed. rev.1997) (A majority of the courts that have addressed the issue hold that confirmation and discharge do not prohibit the defensive use of setoff in a subsequent action by the debtor) and *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269 (9th Cir. 1992). For the reasons cited in *DeLaurentiis*, this Court agrees.

Accordingly, this Court finds that the Debtor has met his burden upon Summary Judgment to show that there is no issue of material fact for trial, and that the burden shifts to the Plaintiff. This Court also finds that the Plaintiff has failed to show such a genuine issue for trial. Summary Judgment will therefore be granted in the Debtor's favor.

Accordingly, it is

**ORDERED** that the Motion for Summary Judgment be, and is hereby, *GRANTED*, and that the debt of Defendant Stephen H. Weiner to Plaintiff William G. Sheehan, if any, is hereby determined to be *DISCHARGEABLE*.