**In re Ronald W. WOOLARD, Debtor.**

**Ronald W. Woolard, Plaintiff,**

v.

**June B. Axline, Defendant.**

**Bankruptcy No. 99–59201.**
**Adversary No. 99–0401.**

United States Bankruptcy Court,
S.D. Ohio,
Eastern Division.

July 26, 2001.

John P. Brody, Kegler, Brown, Hill & Ritter, Columbus, OH, for plaintiff/debtor.

Michael T. Gunner, Hilliard, OH, for defendant.

Thomas M. Bolon, Carlile, Patchen & Murphy, LLP, Columbus, OH, H. Ritchey Hollenbaugh, Carlile, Patchen & Murphy, LLP, Columbus, OH, for Thomas M. Bolon.

### OPINION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE AND RESOLVING DEFENDANT'S OBJECTIONS TO CERTAIN TESTIMONY AND EXHIBITS

BARBARA J. SELLERS, Bankruptcy Judge.

This matter was tried to the Court over the course of three days in March 2001. The defendant, June Axline, filed a motion *in limine* just prior to the beginning of trial on March 5, 2001. The motion sought to bar the introduction by plaintiff Ronald Woolard of any evidence of negotiations between the parties in reaching a separation agreement or prior drafts of separation agreements leading up to the final product. The plaintiff filed a memorandum contra on March 14, 2001, the same day the trial resumed.

The defendant relies on a variety of reasons why the evidence in question should be precluded. First and foremost, she contends that Rule 408 of the Federal Rules of Evidence excludes in this dischargeability action evidence of prior settlement negotiations between the parties in their dissolution proceeding. Second, she argues the applicability of Ohio's Statute of Frauds Ohio Rev.Code § 1335.05 and the parol evidence rule. Third, she claims that the plaintiff is promissorily estopped from introducing such evidence because he treated the amounts paid to her in 1997 and 1998 as alimony on his federal tax returns. Fourth, she asserts that the payments set forth in the parties' separation agreement are irrebuttably presumed

to be support under *Sorah v. Sorah (In re Sorah),* 163 F.3d 397 (6th Cir.1998).

During the trial, the Court reserved ruling on several of the defendant's objections to the plaintiff's efforts to elicit testimony concerning prior settlement negotiations in alleged contravention of Fed.R.Evid. 408.[1] *See* Transcript of March 5, 2001 Proceedings pp. 166–68, 182–83, 184, 191; and Transcript of March 14, 2001 p. 6. At the conclusion of the trial, the Court took under advisement the defendant's objections to the admission of plaintiffs' exhibits 1, 3, 4, 5, 6, 8, 12, 17, 18, and 26. *See* Transcript of March 15, 2001 Proceedings pp. 65–66.

The unresolved testimonial objections referenced above concern plaintiff's counsel's questioning of the defendant about a letter she had written to the plaintiff on October 13, 1997; the plaintiff's counsel asking him questions about a series of correspondence he received from one of the defendant's former attorneys, Stephen Enz; the plaintiff's attorney inquiring about a draft separation agreement sent to the plaintiff by Mr. Enz; and questions posed to the plaintiff concerning another draft separation agreement.[2]

Plaintiff's Exhibits 1, 3, and 4 are three letters written to the plaintiff by Mr. Enz between March 29, 1996, and October 29, 1996. These letters reference various proposals and counter proposals to arrive at a possible separation agreement. Plaintiff's Exhibit 5 is a letter from Mr. Enz dated November 19, 1996, which encloses a draft separation agreement for the plaintiff's review. Plaintiff's Exhibit 6 is a copy of that draft separation agreement. Plaintiff's

Exhibit 8 is a draft separation agreement prepared some time in 1997. Plaintiff's Exhibit 12 consists of the handwritten notes of Thomas Bolon, one of the defendant's former domestic attorneys, taken during a meeting in his office with the defendant and Rick Axline. Plaintiff's Exhibit 17 is an estimate prepared by his accountant on or about November 5, 1997, of the parties' assets and liabilities. Plaintiff's Exhibit 18 is the previously mentioned October 13, 1997 letter from the defendant to the plaintiff outlining her then current settlement proposal. Lastly, plaintiff's Exhibit 26 is a worksheet he helped prepare sometime in August 1996 showing the parties' offers and counteroffers, as well as providing valuations for his various businesses.

## I.

Federal Rule of Evidence 408 provides:

Evidence of (1) furnishing or offering to furnish, or (2) accepting or offering to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. *This rule also does not require exclusion when the evidence is offered for another purpose,* such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an

---

1. The Court overruled at trial the defendant's Rule 408 objection in connection with the direct testimony of Thomas Bolon, the defendant's former domestic attorney. See Transcript of March 5, 2001 Proceedings pp. 33–34.

2. This draft separation agreement marked as plaintiff's Exhibit 7 was subsequently withdrawn. *See* Transcript of March 15, 2001 Proceedings p. 65.

effort to obstruct a criminal investigation or prosecution.

Fed.R.Evid. 408 [emphasis added].

■ The purpose of Rule 408 is to encourage "nonlitigious solutions to disputes." *Marine Midland Bank v. Portnoy (In re Portnoy)*, 201 B.R. 685, 691 (Bankr. S.D.N.Y.1996). To achieve this objection, statements made during settlement negotiations may not be offered as evidence of liability or the absence of liability. *Id.* The rule does not require exclusion where the evidence is sought to be introduced for another purpose. *Id.* at 691–92; *Wortman v. Donahoe (In re Donahoe)*, 180 B.R. 491, 494 (Bankr.N.D.Ohio 1995).

■ The plaintiff is not offering the challenged testimony to prove liability on the part of the defendant or to show the absence of any liability on his part. Rather, he seeks introduction of this evidence to support his position that, despite the language of the separation agreement ultimately incorporated into their dissolution decree, the parties intended much, if not all, of the monthly payments to the defendant to compensate her for her share of the businesses. This Court does not understand Fed.R.Evid. 408 to bar the admission of such evidence under these circumstances.

## II.

■ Section 1335.05 of the Ohio Revised Code provides in relevant part:

No action shall be brought whereby to charge the defendant . . . upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her authorized.

Ohio Rev.Code Ann. § 1335.05 (Anderson 1993).

The plaintiff has brought an action to determine that the monthly obligations to the defendant imposed by separation agreement and decree of dissolution are dischargeable. This separation agreement is in writing and was signed by both parties. The plaintiff is not seeking to charge the defendant with the prior drafts of separation agreements. He is merely utilizing the prior unsigned drafts to show the parties' intent regarding whether the monthly obligations constituted a division of marital property or spousal support. The Court concludes, therefore, that the Ohio Statute of Frauds is inapplicable to this evidentiary dispute.

■ The parol evidence rule is a rule of substantive law recognized by Ohio courts to prevent a party who has entered into a written contract from contradicting the terms of the contract by introducing evidence of prior understandings and negotiations. *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 662 N.E.2d 1074, 1080 (1996). The defendant argues that the rule prohibits the plaintiff from offering proof that the monthly obligations are anything other than spousal support.

■ In considering whether a payment pursuant to a separation agreement is alimony, maintenance or support for purposes of Section 523(a)(5) of the Bankruptcy Code, the parol evidence rule is inapplicable and the Court's inquiry is not limited to the four corners of the agreement. *Brody v. Brody (In re Brody)*, 3 F.3d 35, 38–39 (2d Cir.1993). All relevant evidence concerning the parties' intent is admissible. *Id.* at 38; *see also Long v. Calhoun (In re Calhoun)*, 715 F.2d 1103, 1109 (6th Cir.1983) (Court may consider any relevant evidence including those factors used by state courts to determine an intent to create a support obligation).

### III.

■ Ohio has adopted the doctrine of promissory estoppel as set forth in the Restatement (Second) of Contracts § 90 (1981). *Ed Schory & Sons,* 662 N.E.2d at 1080. Under this doctrine, a promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee and which does induce such action or forbearance may be binding.

■ The defendant asserts that the plaintiff obtained a tax deduction as shown on his 1998 federal income tax return for the payments he made to her during that year based on the characterization of those payments as alimony. Conversely, the defendant treated the monies received as income for 1998. The defendant, having relied on the language in the parties' separation agreement to her detriment, maintains that the plaintiff should not now be able to characterize these payments as part of a non-taxable property settlement.

The Court has serious difficulty in conceiving how promissory estoppel would apply given the facts. The doctrine ordinarily is raised where a promise is not otherwise supported by consideration. Calimari, John D. & Perillo, Joseph M. *The Law of Contracts* § 6–1 (2d ed.1977). In this case, the separation agreement comprised promises made by each party for which the consideration consisted of the other's promises. Absent a specific promise by the plaintiff that he would never attempt to characterize the payments as a property settlement, there is simply no basis under this doctrine to preclude evidence in support of his legal position.

### IV.

■ Lastly, the defendant's motion *in limine* relies on *Sorah v. Sorah (In re Sorah),* 163 F.3d 397 (6th Cir.1998), specifically the following language:

> An award that is designated as support by the state court and that has … [certain] indicia of a support obligation (along with any others that the state support statute considers) should be conclusively presumed to be a support obligation by the bankruptcy court.

*Id.* at 401. If the award is conclusively presumed to be support, as the defendant believes, the plaintiff could not rebut this presumption with any evidence to the contrary.

On October 16, 2000, this Court rejected a similar argument brought by the defendant on the basis of *Sorah.* *See* Opinion and Order Denying Defendant's Motion for Partial Summary Judgment. The Court continues to adhere to its prior opinion, and will not conclusively presume that the payments in question constitute support for purposes of 11 U.S.C. § 523(a)(5). Instead, the Court will consider all evidence relevant to the parties' intent.

### V.

■ In addition to the issues raised by the defendant's motion *in limine,* the Court reserved ruling on two hearsay objections made by the defendant. The first involved correspondence and telephone conversations between the plaintiff and Mr. Enz. At the time of these communications, Mr. Enz was the defendant's domestic attorney. The defendant acknowledged receiving copies of at least one of the letters from Mr. Enz and the fact that she authorized him to make the settlement proposals set out therein. *See* Transcript of March 15, 2001 Proceedings p. 54. Presumably, she authorized Mr. Enz to act in her behalf with respect to the other letters, as well. As such, the communications are not hearsay, but are the admissions of a party opponent. *See* Fed.R.Evid. 801(d)(2).

The second objection concerns the plaintiff's testimony regarding Exhibit 17 which consists of various financial statements prepared by his accountant. The Court will sustain the defendant's objection to the extent that the testimony was offered to prove the truth of the matters asserted in Exhibit 17. However, Exhibit 17 may be admitted for the purpose of showing what the plaintiff believed concerning the value of his businesses and the parties' other assets.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** the defendant's motion *in limine*. Plaintiff's Exhibits 1, 3, 4, 5, 6, 8, 12, 17, 18, and 26 are hereby admitted into evidence. The defendant's objections to certain testimony and exhibits to the extent they involve matters outside the scope of her motion *in limine*, are **SUSTAINED** in part and **OVERRULED** in part consistent with this opinion and order.

**IT IS SO ORDERED.**