**In re Laureen REEVES, Debtor.**

**Laureen Reeves, Plaintiff,**

**v.**

**Columbia Gas of Ohio, Defendant.**

**Nos. 00–3297, 00–31250.**

United States Bankruptcy Court, N.D. Ohio.

April 23, 2001.

Gary Horn, Toledo, OH, for plaintiff.

Theodore J. Gallagher, Columbus, OH, for defendant.

### DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

In the above captioned adversary complaint, the Plaintiff/Debtor, Laureen Reeves, seeks an order finding the Defendant, Columbia Gas of Ohio, in contempt for willfully violating the discharge injunction provided for in 11 U.S.C. § 524. In response, the Defendant raised the affirmative defense of "recoupment" which permits a defendant, under certain conditions, to reduce a plaintiff's claim to the extent that the defendant has been wronged by the plaintiff. On the applicability of this doctrine, the Court, after holding a Pretrial conference on the matter, ordered the Parties to submit briefs in support of their respective legal positions. In conformance therewith, the Parties submitted to the Court timely filed briefs in which the following facts, which neither Party disputes, were presented to the Court:

The Debtor and the Defendant formerly maintained an employer-employee relationship. As an incidence of this employment relationship, the Debtor was issued by the Defendant a corporate American Express card. Upon receipt of this corporate credit card, the Debtor executed a "Receipt Acknowledgment" form which, among other things, provided that the Debtor was to "pay all items charged to the card promptly" and to "use the card whenever possible, for business-related travel, meals, entertainment, hotels and car rentals."

On January 3, 2000, the Debtor was formally notified that her employment with the Defendant would be coming to an end. Not long thereafter, the Defendant offered

the Debtor a severance package in which she could choose from one of three payment options: (1) a lump-sum payment; (2) salary continuation at full monthly payments over a one year period; or (3) salary continuation at half-pay for a two year period. On February 7, 2000, the Debtor signed an Agreement in which she chose the third option, thus entitling the Debtor to half-pay for a period of two years. As a part of this "Severance Agreement," the Defendant agreed to continue providing the Debtor with employee benefits such as medical and dental insurance up until March 1, 2002. In turn, the Debtor, in the Severance Agreement, agreed that she would pay to the Defendant any outstanding amounts owned to the Company, and authorized the Defendant to deduct such outstanding charges from her salary continuation payments.

On March 28, 2000, the Debtor petitioned this Court for relief under Chapter 7 of the United States Bankruptcy Code. The Defendant, although not actually listed as a creditor in the Debtor's bankruptcy petition, received notice of the Debtor's bankruptcy case when the Defendant was named as a defendant in another adversary proceeding concerning the Debtor. On August 21, 2000, an Order of Discharge was entered by this Court, discharging the Debtor from all her dischargeable debts.

Prior to the filing of the Debtor's bankruptcy petition, but shortly after the Parties executed the "Severance Agreement," the Defendant paid the Debtor's corporate credit card obligation to American Express which at that time totaled Two Thousand Nine Hundred Thirty and 30/100 dollars ($2,930.30). According to the Defendant, such an action is common company practice when any one of its employees fails to timely pay their credit card obligation with American Express. Shortly thereafter, as is also common company practice, the De-

fendant sought reimbursement from the Debtor for its remuneration to American Express. This effort, however, in a voluntary sense, proved unsuccessful. As a result, the Defendant, on or about October 30, 2000, unilaterally commenced deducting, on a monthly basis, the sum of Two Hundred Ninety-three and 03/100 dollars ($293.03) from the salary continuation payments it owed to the Debtor in accordance with the Parties' "Severance Agreement." To this day (February 20, 2001), the Defendant has withheld a total of One Thousand One Hundred Seventy-two and 12/100 dollars ($1,172.12). In response, the Debtor filed the instant adversary complaint contending that the Defendant's actions violated the discharge injunction provided for in 11 U.S.C. § 524.

## LEGAL DISCUSSION

■ Upon the issuance by the bankruptcy court of an order of discharge, an injunction arises which prohibits any creditor from attempting to collect from the debtor, as a personal liability, any debt that was discharged in the underlying bankruptcy. 11 U.S.C. § 524; *see, also Granger v. Harris (In re Harris)*, 85 B.R. 858, 860, 863 (Bankr.D.Colo.1988). In this case, the essence of the Plaintiff's complaint holds that the Defendant violated this rule by withholding a portion of the Debtor's severance pay in order to satisfy a prepetition debt owed by the Debtor to the Defendant. In response, however, the Defendant has raised, as an affirmative defense, the legal doctrine known as "recoupment."

■ Recoupment is defined as the setting up of a demand arising from the same transaction as the plaintiff's claim, to abate or reduce the claim. *University Med. Ctr. v. Sullivan (In re University Med. Cir.)*, 973 F.2d 1065 (3rd Cir.1992). Thus, in its simplest terms, recoupment

allows a defendant to reduce the amount of a plaintiff's claim to the extent that the defendant has a valid defense against the plaintiff which arose out of the same transaction as the plaintiff's claim. *United States Abatement Corp. v. Mobil Exploration & Prod. U.S., Inc. (In re U.S. Abatement Corp.)*, 79 F.3d 393, 398 (5th Cir. 1996).[1] The recoupment doctrine, which is equitable in nature, arises from the premises that a defendant should be entitled to show that, because of matters arising out of the transaction sued on, he or she is not liable in full for the plaintiff's claim. *Gold Leaf Corp. v. Hamilton Projects, Inc. (In re Gold Leaf Corp.)*, 78 B.R. 1018, 1022 (Bankr.N.D.Fla.1987). The doctrine, although not statutorily provided for in the Bankruptcy Code, has long been recognized as applicable in bankruptcy proceedings. In the context of a bankruptcy case, the salient features of the doctrine (at least for purposes of this case) are: (1) a valid right of recoupment is not subject to the discharge injunction provided for in 11 U.S.C. § 524; and (2) the claim giving rise to the right of recoupment may arise either before or after the commencement of the bankruptcy case, thus permitting a party to recoup a prepetition claim against a postpetition liability and vice-versa. *Sheehan v. Wiener (In re Wiener)*, 228 B.R. 647, 650 (Bankr.N.D.Ohio 1998).

 The sole requirement governing the applicability of the recoupment doctrine is that the sum of the amount to be reduced must have arisen out of the "same transaction" as the original sum. *Id.* Although the term "same transaction" has been given different interpretations, which vary in degree of restrictiveness, it is clear that two claims arising from a single integrated transaction satisfy the "same transaction" requirement. *University Med. Ctr. v. Sullivan (In re University Med. Ctr.)*, 973 F.2d 1065, 1081 (3rd Cir.1992). In this regard, the Defendant maintains that since its obligation to pay the Debtor her severance pay arises out of the same contract as the Debtor's obligation to reimburse the Defendant for the unpaid American Express card, such obligations should be deemed to have arisen out of a single integrated transaction.

 In bankruptcy, the recoupment doctrine has been applied primarily to the situation where the creditor's claim against the debtor and the debtor's claim against the creditor arise out of the same contract. *Lee v. Schweiker*, 739 F.2d 870, 875 (3rd Cir.1984); *In re R & C Petroleum, Inc.*, 247 B.R. 203, 208 (Bankr.E.D.Tex.2000). Nevertheless, the mere fact that two opposing claims arise from the same contract does not, by itself, entitle the Defendant to judgment in its favor. This is because in some instances claims arising from a single contract may be too remotely related to constitute a single integrated transaction. *Conoco, Inc. v. Styler (In re Peterson Distributing, Inc.)*, 82 F.3d 956, 960 (10th

---

**1.** In this regard, recoupment, although similar, should be differentiated from the doctrine known as setoff which permits a party to reduce mutual claims that arise out of a transaction extrinsic to the plaintiff's cause of action. *Jones v. Progressive–Home Federal Savings and Loan Assoc. (In re Jones)*, 122 B.R. 246, 249 fn. 2 (W.D.Pa.1990). Thus, in this respect, setoff involves mutual debts and claims arising from different transactions, while recoupment is specifically limited to claims and demands arising from the same

transaction. *See, e.g., In re Women's Technical Institute*, 200 B.R. 77 (Bankr.D.Mass. 1996) (recoupment differs from setoff in that in recoupment the plea is intrinsic to the primary cause, whereas with setoff the plea will be extrinsic to the primary cause); *see also In re Telephone Warehouse, Inc.*, 259 B.R. 64, 67 (Bankr.D.Del.2001) (recoupment permits the offset of mutual debts when the respective obligations are based on the same transaction or occurrence).

Cir.1996) (a same contract equals same transaction rule would be overly simplistic); *St. Francis Physician Network, Inc. v. Rush Prudential HMO, Inc. (In re St. Francis Physician Network, Inc.)*, 213 B.R. 710, 720 (Bankr.N.D.Ill.1997) (where two claims arise from different parts of a contract, dealing with different performance obligations, the same transaction test may not be satisfied). Therefore, courts, when faced with the applicability of the recoupment doctrine, generally apply a fact-based approach in determining whether two opposing sets of claims arose from the same integrated transaction. As stated by the Court in *In re Affiliated of Florida:* "Courts [must] look to the substantive nature of the transactions, rather than solely to the accounting adjustments used to measure them." 258 B.R. 495, 500 (Bankr.M.D.Fla.2000), *citing In re Healthback, L.L.C.*, 226 B.R. 464, 477 (Bankr. W.D.Okla.1998).

 In applying a fact-based approach, the predominate consideration, given the equitable nature of the recoupment doctrine, is whether it would be fair for the debtor to enjoy the benefits of the transaction without also meeting its obligations. *Malinowski v. New York State Department of Labor (In re Malinowski)*, 156 F.3d 131, 133 (2nd Cir.1998). In this regard, the key question is whether the claim to be reduced was specifically received in exchange for the claim constituting the defendant's demand against plaintiff. Stated differently, if, at the time the parties entered into a contract, it was intended that performance of the obligations which now give rise to the opposing claims were dependent on each other, then equity holds that such claims should be deemed to have arisen from a single integrated transaction.

 In opposition to the Defendant' compliance with this requirement, the Debtor stated to the Court:

> In this case there are two distinct and separate contracts or transactions. One involves Plaintiff's rights to receive a continued salary as part of down sizing program initiated by Defendant. The other an agreement to pay for charges made on an American Express card.

(Plaintiff's Reply Brief at pg. 3). The Court, however, after considering the Debtor's argument, finds that it ignores an important facet of the Parties' "Severance Agreement": the Debtor's obligation to compensate the Defendant for any outstanding charges was the sine qua non for the Debtor receiving severance pay and continued employee benefits. Stated in another way, the Defendant's obligation to pay the Debtor and the Debtor's obligation to reimburse the Defendant were mutual; that is, the performance of each obligation was dependent on the other. In accordance with this facet of the Parties' Agreement, the Court observes that the Parties' "Severance Agreement" specifically provided that, "[i]n recognition of the personal difficulties associated with your employment ending, we are confirming below the *mutual arrangements* reached concerning your status with the Company." Moreover, along this line, common sense would dictate that a company, as a condition precedent to offering a severance package to one of its employees, would expect in return an agreement from its employee that he or she will reimburse the company for any outstanding amounts owed.

Therefore, given that the Parties' obligations to perform under the contract were mutual, the Court must find that the Defendant's obligation to pay the Debtor severance pay arose from the same integrated transaction as the Debtor's obligation to reimburse the Defendant for

those charges incurred on the Defendant's corporate American Express card. Accordingly, for purposes of bankruptcy law, the Court hereby holds that the Defendant has a right of "recoupment" against the moneys it owes to the Debtor as severance pay. In this regard, it is surmised that if the roles in the case had been reversed (i.e., the Defendant was the debtor), surely the Debtor would not have been expected to compensate the Defendant for the American Express card without also receiving her severance pay in return. Analogously, applying the doctrine of recoupment in this case prevents the Debtor from assuming the favorable aspects of the Parties' Agreement (i.e., postpetition payments) while at the same time rejecting the unfavorable aspects of the same Agreement (i.e., the obligation to repay a prepetition obligation), and thus this decision, in addition to being equitable, is consistent with the bankruptcy policy of requiring an executory contract to be either assumed or rejected in whole. *Mercy Hosp. of Watertown v. N.Y. State Department of Social Services*, 171 B.R. 490, 495 (N.D.N.Y.1994) (recoupment prevents the debtor from obtaining the benefits of a contract without also accepting its burden, and is consistent with the bankruptcy policy that executory contracts be assumed or rejected in whole); *Brown v. General Motors Corp. (In re Brown)*, 152 B.R. 935, 938 (W.D.Wis.1993) (permitting recoupment is consistent with the bankruptcy policy of requiring that executory contracts be assumed or rejected in whole).

In sum, the Court finds that the Defendant has a valid right of recoupment for its payment of those charges incurred by the Debtor on the Defendant's corporate American Express card. As a result, the Defendant, by deducting from the Debtor's severance pay the moneys the Debtor owed to it, has not violated the discharge injunction provided for in 11 U.S.C. § 524.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

***ORDERED*** that the Complaint of the Plaintiff, Laureen Reeves, to have the Defendant, Columbia Gas of Ohio, held in contempt for willfully violating the discharge injunction of 11 U.S.C. § 524, be, and is hereby, DISMISSED.