In re Areta J. WENTZ, Debtor.

Areta J. Wentz, Plaintiff

v.

Saxon Mortgage et al., Defendants.

**Bankruptcy No. 07–34235.**
**Adversary No. 08–3053.**

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Sept. 2, 2008.

Charles J. Roedersheimer, Dayton, OH, for Debtor counsel.

Nathan L. Swehla, Cincinnati, OH, Steven E. Elder, Wilmington, OH, Michelle Polly–Murphy, Wilmington, OH, for Saxon Mortgage.

Heidi Smith, Worthington, OH, Michael Hrabcak, Worthington, OH, for Deborah Kistner.

Office of the United States Trustee, Columbus, OH.

Jeffrey M. Kellner, (Chapter 13 Trustee), Scott G. Stout, (Staff Attorney for the Chapter 13 Office), Dayton, OH.

### Decision Denying Saxon Mortgage's Motion for Partial Judgment on the Pleadings

GUY R. HUMPHREY, Bankruptcy Judge.

This opinion concerns whether certain of Plaintiff's causes of action for damages under federal consumer protection statutes concerning mortgage loans, and related attorney fees and costs associated with the pursuit of those causes of action, are barred by the applicable statutes of limitation, if they were not commenced within one year of the occurrence of the alleged violations.

### *Introduction*

On September 27, 2007, the Debtor, Areta J. Wentz (the "Debtor" or the "Plaintiff") filed a Chapter 13 petition (Estate Docket 1, hereinafter "Est. Doc.") and a Chapter 13 plan (Est.Doc.5). On November 5, 2007, Saxon Mortgage ("Saxon") filed a secured proof of claim in the amount of $120,892.67 (Proof of Claim 5–1). The Chapter 13 plan proposed that the Debtor would file an adversary proceeding to avoid Saxon's mortgage on the Debtor's principal residence and to obtain a determination that Saxon's mortgage is rescinded and void. Saxon objected to the plan on November 23, 2007 (Est.Doc.17). In a January 25, 2008 agreed order, the parties agreed to escrow the funds used to pay the mortgage pending the resolution of the status of Saxon's mortgage through an adversary proceeding (Est.Doc.29). A confirmation order was entered on February 13, 2008 (Est.Doc.33).

On February 26, 2008, the Debtor filed a multi-defendant complaint against, among others, Saxon (Doc. 1). On March 31, 2008, Saxon filed an answer (Doc. 10). On May 1, 2008, Saxon filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c), applicable by Bankruptcy Rule 7012 (Doc. 14), arguing that some of the Plaintiff's claims seeking damages, based on various federal consumer lending protection statutes detailed below, were filed beyond the applicable one year statutes of limitation. The Debtor filed a response on May 12, 2008 (Doc. 15), arguing that those causes of action were seeking to recoup damages against Saxon's proof of claim and, therefore, were not subject to the one year statutes of limitation under a recognized recoupment exception. Saxon filed a reply brief on May 30, 2008, asserting that the damages causes of action were not "defensive" and, therefore, could not be raised in recoupment (Doc. 20).

### *Jurisdiction*

This court has subject matter jurisdiction to decide the legal issues presented in this adversary proceeding. *McDaniel v. ABN Amro Mtge. Group*, 364 B.R. 644, 648 (S.D.Ohio 2007).

### *Issues*

The issues are whether any of the Debtor's causes of action which seek monetary damages, based on the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA"); the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601–17 ("RESPA"); or the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), are time barred by the applicable one year statutes of limitation for those statutes or are subject to an exception for recoupment or, in the instance of the TILA and HOE-

PA damages claims, an alternative statute of limitation.

### Standard for Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c), applicable to this adversary proceeding by Bankruptcy Rule 7012, states that "[a]fter the pleadings are closed—but early enough to not delay trial—a party may move for judgment on the pleadings." A motion to dismiss under Federal Rule of Civil Procedure 12(c) is the same as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *JPMorgan Chase Bank, N.A. v. Winget,* 510 F.3d 577, 581–82 (6th Cir.2007).

Federal Rule of Civil Procedure 12(b)(6) states that a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The Sixth Circuit has stated that "[d]ismissal of a complaint for the failure to state a claim on which relief may be granted is appropriate only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Thomas v. Eby,* 481 F.3d 434, 437 (6th Cir.2007) (citation omitted). To survive a defendant's motion, the plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."

*Varljen v. Cleveland Gear Co., Inc.,* 250 F.3d 426, 429 (6th Cir.2001) (citations and internal quotation marks omitted).

In considering a motion to dismiss, the court "must consider as true the well-pleaded allegations of the complaint and construe them in the light most favorable to the plaintiff." *Id.* However, the court "need not accept as true legal conclusions or unwarranted factual inferences" in the complaint. *Id.* (citations omitted). The Supreme Court has recently reminded the federal courts that while a plaintiff need not provide detailed factual allegations to survive a motion to dismiss pursuant to Rule 12(b)(6), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007) (citations omitted).[1]

### Analysis

#### The Allegations in the Plaintiff's Complaint against Saxon

The following allegations from the Plaintiff's complaint are relevant to Saxon's 12(c) motion:

- Under the provisions of 15 U.S.C. § 1640(a)(1)-(3)[2] a borrower is entitled

---

**1.** Due to another Supreme Court decision decided two weeks after *Twombly, Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), the amount of specificity required in factual allegations in a complaint remains unsettled in the Sixth Circuit. *United States v. Ford Motor Co.,* 532 F.3d 496, 502, n. 6 (2008).

**2.** 15 U.S.C. § 1640(a)(1–3) states that
(a) Individual or class action for damages; amount of award; factors determining amount of award
Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, includ-

ing any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—
(1) any actual damage sustained by such person as a result of the failure
(2)(A) (i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000, or (iii)

to damages for violations of TILA and HOEPA and as counterclaims as to any collection effort of a creditor liable for a TILA or HOEPA violation (Doc. 1, ¶ 96).

● All causes of action by Plaintiff against Saxon ... are claims asserted by Plaintiff against and directly related to the claims filed by Saxon.... (Doc. 1, ¶ 97).

### FIRST CLAIM—TILA DISCLOSURE VIOLATIONS

● The failure of Saxon ... to Provide Plaintiff ... with timely Notices of the Right to Cancel for Loan 1 and Loan 2 at loan closing is a violation of 15 U.S.C. § 1635(a) and Regulation Z, 12 CFR § 226.23(b)(1) (Doc. 1, ¶ 104).

● The failure of Saxon ... to provide the Truth in Lending Disclosure to Plaintiff for Loan 1 and Loan 2 so as to disclose the annual APR, finance charges, variable rate terms, penalty payments and other disclosure requirements for both loans at closing is a violation and non compliance with 15 U.S.C. §§ 1632, 1637a and 1638 and 12 CFR § 226.18 and 226.19 (Doc. 1, ¶ 105).

● The failure of Saxon ... to provide variable rate and adjustable rate loans including a Charm booklet that explains variable rate loans in a consumer friendly manner for Loan 1 is a violation of and non-compliance with

15 U.S.C. § 1637a(a)(2) and amplified by 12 CFR § 226.19(b) (Doc. 1, ¶ 106).

● The failure of Saxon ... to properly evaluate and consider the ability of Plaintiff to meet payments based on disclosed income information on the Loan 1 and Loan 2 Uniform Loan Application provided to Plaintiff after closing demonstrates and reflects a pattern and practice of extending credit without properly considering consumers and Plaintiffs ability (sic) to pay mortgage payments in violation of 15 U.S.C. § 1639(h) (Doc. 1, ¶ 107).

● The failure to comply with TILA disclosures as set forth in the preceding paragraphs of the First Claim by Saxon for Loan 1 and Loan 2 ... are material mis-disclosures or non-disclosures under TILA, 15 U.S.C. § 1605(u) (Doc. 1, ¶ 108).

● The failure of Saxon to respond to Plaintiff's TILA rescission with a tender offer is a TILA violation under 15 U.S.C. § 1635(b) (Doc. 1, ¶ 109).

● Plaintiff is entitled to damages under 15 U.S.C. § 1640(a)(1)-(3), as well as costs and attorney fees because of the TILA non-disclosure and misdisclosures required by TILA and the rescission actions by Plaintiff for Loan 1 or Loan 2 (Doc. 1, ¶ 111).

● Plaintiff is further entitled to additional damages under 15 U.S.C. § 1635(g) and § 1640(a)(2) for the failure of Saxon to respond and submit a tender

---

in the case of an individual action relating to a credit transaction not under an open end credit plan that is secured by real property or a dwelling, not less than $200 or greater than $2,000; or

(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the

same failure to comply by the same creditor shall be not more than the lesser of $500,000 or 1 per centum of the net worth of the creditor;

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court[.]

offer to Plaintiff as required when a borrower exercises the right of rescission (Doc. 1, ¶ 112).

### SECOND CLAIM—HOEPA NON–COMPLIANCE

- Saxon also failed to properly consider the stated income of Plaintiff and ability to make payments for the monthly mortgage loan payments for Loan 1 and Loan 2 and has done so with other borrowers on other loans (Doc. 1, ¶ 120).
- Saxon's failure to properly consider Plaintiff's ability to make payments on Loan 1 and Loan 2 based on her stated income and a pattern and practice of failure to consider borrowers ability (sic) to meet mortgage payments is a violation of 15 U.S.C. § 1639(h) (Doc. 1, ¶ 121).
- Plaintiff is entitled to statutory damages and enhanced damages pursuant to 15 U.S.C. §§ 1640(a)(4) for failure of to comply (sic) with HOEPA disclosure provisions of 1639(a), (b) and (h) (Doc. 1, ¶ 122).
- Plaintiff is further entitled to costs and attorney fees for violations of HOEPA (Doc. 1, ¶ 123).

### SEVENTH CLAIM—RESPA VIOLATION–KICKBACK

- The payment of the YSP [yield spread premium] of $2400 by Saxon to Randall for brokering Loan 1 in addition to a broker=s (sic) fee was in violation of RESPA, 12 U.S.C. § 2607(a)[3] as a kickback or percentage of fee based upon the broker and lender obtaining an additional fee

without proper disclosure or furnishing of service to the Defendant (Doc. 1, ¶ 165).

- Payment of the kickback or percentage of fee is a prohibited action by either by the paying (sic) or receiving party under RESPA (Doc. 1, ¶ 166).
- Saxon, as the originator Loan 1(sic), in paying Randall a YSP of $2400 in addition to a broker fee of $4,800 paid a fee to Randall that was based on charging Plaintiff a higher interest rate than was available in order to recoup the YSP payment (Doc. 1, ¶ 167).
- Plaintiff in fact received no benefit of any service for payment of the YSP but instead received an inferior and higher interest rate loan as a result of the payment of the YSP (Doc. 1, ¶ 168).
- Plaintiff is entitled to treble damages for the YSP kickback received by Randall from Saxon as provided for under 15(sic) U.S.C. 2607(d)(2) and (5) (Doc. 1, ¶ 169).
- RESPA requires violations of 12 U.S.C. 2614 to be brought within one year of a violation of Section 2607(a), remedies available under 11 U.S.C. § 157(b)(2)(C) include counterclaims by Plaintiff or recoupment (Doc. 1, ¶ 170).
- Under the provisions of RESPA as authorized under 15 U.S.C. 2607(d)(6), recoupment and counterclaim entitle Plaintiff to recover treble the amount of the fees paid by Saxon to Randall (Doc. 1, ¶ 171).
- Plaintiff is also entitled to cost (sic) and attorney fees in bringing this RESPA recoupment counterclaim pur-

---

**3.** 12 U.S.C. § 2607(a) states that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or other-

wise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."

suant to 15(sic) U.S.C. § 2607(d)(4) (Doc. 1, ¶ 172).

## Summary of Plaintiff's Allegations

The Debtor's TILA, HOEPA and RESPA causes of action have a genesis from two loans closed on or about May 25, 2005 (Doc. 1, ¶¶ 10–25). Although the details of all the allegations in the Debtor's complaint are not necessary to render this decision, as a brief background, the Debtor and her daughter, Rita Ann Rich, are co-owners of real estate at 1117 N. Maple Street, Eaton, Ohio (Doc. 1, ¶ 2). Saxon and the Plaintiff entered into two loans backed by a mortgage on the Eaton, Ohio property. Although Rita Ann Rich was the coowner of the property, it is alleged that only the Debtor and Saxon were parties to these loans.[4]

The complaint alleges that Saxon, along with other defendants, failed to disclose required information and also provided misinformation concerning the nature of the two loans which constitute violations of both TILA and HOEPA. For all of the alleged violations of HOEPA and TILA, the Plaintiff seeks actual damages, statutory damages, attorney fees and costs (Doc. 1, ¶¶ 111,112 and 123). The Plaintiff's RESPA claim seeks treble damages based on allegations of a yield spread premium kickback. The RESPA cause of action asserts that Saxon paid a mortgage broker $2,400 as a kickback for obtaining the mortgage loan even though the broker provided no additional services for this additional fee (Doc. 1, ¶ 165–168). This extra payment was funded by a higher interest rate charged to the Plaintiff (Doc. 1, ¶ 168). The Plaintiff seeks treble damages, costs and attorney fees for the RESPA violation (Doc. 1, ¶¶ 169,171–172).

## Positions of the Parties

As noted, the Plaintiff's complaint alleges that Saxon committed various violations of HOEPA, TILA and RESPA. Saxon's motion to dismiss argues that these causes of action for damages are time barred because they were not commenced within a year of the occurrence of the loan closing, i.e. the time of the alleged violations. Saxon does not seek judgment on the pleadings on the Debtor's rescission claim under TILA, or the Plaintiff's other causes of action unrelated to TILA, RESPA or HOEPA, but does object to the Plaintiff pursuing "affirmative claims" under TILA, RESPA or HOEPA.

The Plaintiff acknowledges that damage claims under TILA, HOEPA and RESPA are generally subject to one year statutes of limitation beginning from the consummation of the loan transaction and that the complaint was filed subsequent to the statutes of limitation having run. See 15 U.S.C. § 1640(e) (one year statute of limitation for damage claims pursuant to TILA and HOEPA) and 12 U.S.C. § 2614 (one year statute of limitation for damage claims pursuant to RESPA). However, the Plaintiff argues: 1)15 U.S.C. § 1635(g) provides the Plaintiff an additional year from the date of the rescission of the mortgage to pursue TILA or HOEPA claims and 2) all of the federal consumer lending protection causes of action seeking damages are in the nature of recoupment against Saxon's filed proof of claim and are excepted from the one year statutes of limitation.

---

4. However, it is alleged that William J. Rich, Rita Ann Rich's husband, signed the mortgage documents for one of the loans at the request of an agent of a broker, Randall Mortgage Services. The complaint generally alleges the loan agreements were consummated through Randall Mortgage Services, another Defendant in this adversary proceeding (See Doc. 1, ¶¶ 11–13).

## 15 U.S.C. § 1635(g) does not Extend the One Year Statute of Limitation for HOEPA and TILA Damage Claims

■ While the Debtor concedes that 15 U.S.C. § 1640 has a one year statute of limitation for damages, she argues that 15 U.S.C. § 1635(g) provides an additional year from the date of rescission for filing such claims.[5] The court disagrees. 15 U.S.C. § 1635(g) was added as an amendment to TILA in 1980 and states that "[i]n any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind." The court agrees with *Brown v. Nationscredit Financial Services Corp.,* 349 F.Supp.2d 1134 (N.D.Ill.2005), and the decisions it cites, which found neither the language nor the legislative history of this amendment support the concept that 15 U.S.C. § 1635(g) was intended to extend the one year statute of limitation of 15 U.S.C. § 1640(e), stating:

> Notably, § 1635(g) contains no language to suggest that Congress intended to override the statute of limitations set out in § 1640(e). The more appropriate reading, consistent with its language, is that Congress was simply clarifying that

a plaintiff bringing a claim for rescission could also sue for statutory damages. The relatively scant legislative history of § 1635(g) is consistent with this reading. In discussing its 1980 amendments to TILA, which included the addition of § 1635(g), the Senate report on the proposed legislation stated that, "the bill explicitly provides that a consumer who exercises his right to rescind may also bring suit under the Act for other violations not relating to rescission. The Act is currently ambiguous on this issue, and this section codifies the majority position of the courts." S. REP. NO. 96–368, at 29 (1979), *reprinted in* 1980 U.S.C.C.A.N. 236, 265. Prior to the amendment, some courts did not allow plaintiffs to concurrently sue for rescission under § 1635 and damages under § 1640, but instead required borrowers to elect one of the two remedies. *See Wachtel v. West,* 476 F.2d 1062, 1065 (6th Cir.1973).

In sum, both the language of § 1635(g) and its legislative history support the notion that this subsection was not intended to alter the statute of limitations applicable to TILA damage claims. The majority of courts addressing this issue have reached the same conclusion. *Rudisell v. Fifth Third Bank,* 622 F.2d 243 (6th Cir.1980)[6]; *Bell v. Ameriquest*

---

5. The Debtor alleges that the two loans at issue were rescinded by letters dated September 25, 2007 (Doc. 1, ¶ 92).

6. *Rudisell v. Fifth Third Bank* provides that damages under TILA are governed by a one year statute of limitation separate from the three years for rescission claims. *Rudisell v. Fifth Third Bank,* 622 F.2d 243, 247–48 (6th Cir.1980). It further supports this court's decision, although it is not binding on the specific question the court tackles in this decision because it was decided under the law in effect prior to the inclusion of subsection (g) in 15

U.S.C. § 1635 in 1980. Further support can be found in *McCoy v. Harriman Utility Bd.,* 790 F.2d 493, 496 (6th Cir.1986), where the Sixth Circuit, consistent with *Rudisell,* noted the one year statute of limitation of 15 U.S.C. § 1640(e) for TILA damages is separate from the three year statute of limitation for rescission under 15 U.S.C. § 1635. This case was decided under a prior version of TILA as well. *Id.* at 496, n. 2. However, the court finds nothing in the language of 15 U.S.C. § 1635(g) that justifies this trial court's deviation from the Sixth Circuit's conclusions in *Rudisell* or *McCoy.*

*Mortgage Co.,* No. 04 C 5987, 2004 WL 2973819 (N.D.Ill. Nov.30, 2004); *Pulphus v. Sullivan,* No. 02 C 5794, 2003 WL 1964333 (N.D.Ill. April 28, 2003); *Jenkins v. Mercantile Mortgage Co.,* 231 F.Supp.2d 737, 745 (N.D.Ill.2002); *Dowdy v. First Metro. Mortgage Co.,* No. 01 C 7211, 2002 WL 745851, at *1–2 (N.D.Ill.2002); *Elliott v. ITT Corp.,* 764 F.Supp. 102 (N.D.Ill.1991). *But see McIntosh v. Irwin Union Bank & Trust Co.,* 215 F.R.D. 26, 30 (D.Mass.2003); *Reynolds v. D & N Bank,* 792 F.Supp. 1035, 1036–39 (finding, without discussion of the statute of limitations, that plaintiff is entitled to rescission and statutory damages despite claim being brought fourteen months after entering the contract).

*Id.* at 1137–38. Accordingly, for the reasons stated in *Brown,* and consistent with Sixth Circuit decisions, the one year statute of limitation of 15 U.S.C. § 1640(e) is not extended by 15 U.S.C. § 1635(g).

**TILA and HOEPA Causes of Action for Damages are in the Nature of Recoupment and are Excepted from the One Year Statute of Limitation of 15 U.S.C. § 1640(e)**

■ The Plaintiff is seeking damages under various sections of TILA, HOEPA and RESPA in her complaint. Saxon asserts that because none of these causes of action were brought within a year of the alleged violations, they are barred by the applicable statutes of limitation. The damages under TILA are sought under 15 U.S.C. § 1640 and subsection (e) of section 1640 provides for a one year statute of limitation on TILA damage claims from the occurrence of the action. *Rudisell v. Fifth Third Bank,* 622 F.2d 243, 246 (6th Cir.1980). HOEPA damage claims are also governed by the one year statute of limitation provided for in 15 U.S.C. § 1640(e). *Randall v. Bank One Nat'l Ass'n (In re Randall),* 358 B.R.145, 171 (Bankr.E.D.Pa.2006).

The statute of limitation for TILA and HOEPA states, in relevant part, that "[a]ny action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e).

■ Section 1640(e) is clear that recoupment claims are not barred by the otherwise applicable one year statute of limitation for TILA or HOEPA damage causes of action. Further, recoupment claims are permitted under Ohio law. See *Continental Acceptance Corp. v. Rivera,* 50 Ohio App.2d 338, 363 N.E.2d 772, 776–78 (1976), *motion to certify appeal to Supreme Court of Ohio denied* (1977), *cert. denied* 434 U.S. 857, 98 S.Ct. 180, 54 L.Ed.2d 129 (1977) (allowing a recoupment claim despite the otherwise applicable TILA statute of limitation of 15 U.S.C. § 1640). Thus, the issue is whether the Plaintiff's damage causes of action are in the nature of recoupment.

■ Recoupment addresses "the extinguishment of mutual claims arising from the *same* transaction." *U.S. Aeroteam, Inc. v. Delphi Automotive Sys., LLC (In re U.S. Aeroteam, Inc.),* 327 B.R. 852, 863, n. 8 (Bankr.S.D.Ohio 2005) (italics in original); *In re Adamic,* 291 B.R. 175, 181 (Bankr.D.Colo.2003) (similar). As explained in *Reeves v. Columbia Gas of Ohio (In re Reeves),* 265 B.R. 766, 770 (Bankr. N.D.Ohio 2001), "recoupment allows a de-

fendant to reduce the amount of a plaintiff's claim to the extent that the defendant has a valid defense against the plaintiff which arose out of the same transaction as the plaintiff's claim." Recoupment is equitable in nature and is based on the premise that "a defendant should be entitled to show that, because of matters arising out of the transaction sued on, he or she is not liable in full for the Plaintiff's claim." *Id.* The allegations in the Debtor's complaint all relate to the mortgage loan agreements, entered into between Saxon and the Debtor on or about May 25, 2005 and arose from the "same transaction" as Saxon's proof of claim because the two mortgage loan transactions constitute a single, integrated financial event. *Id.*[7]

Saxon argues that the Plaintiff is not asserting recoupment as a defense, but instead seeks to pursue affirmative causes of action for damages, and such causes of action are barred by the one year statute of limitation for TILA and HOEPA. However, the Plaintiff argues that the damages sought in the complaint are defensive in nature because they are in the nature of recoupment against Saxon's proof of claim.

The Fifth Circuit addressed whether allegations seeking TILA damages were in the nature of recoupment if asserted in response to a creditor's proof of claim. *Coxson v. Commonwealth Mortgage Co. of Am., L.P. (In re Coxson)*, 43 F.3d 189 (5th Cir.1995). In *Coxson*, the Chapter 13 debtors filed an adversary proceeding claiming a creditor, *inter alia*, violated

TILA. *Id.* at 190. The defendant argued that the TILA claim was not a defensive recoupment claim and was barred by the one year statute of limitation in 15 U.S.C. § 1640(e). *Id.* at 193. The Fifth Circuit, quoting the United States Supreme Court, defined recoupment as follows: "recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded. Such a defense is never barred by the statute of limitations so long as the main action itself is timely." *Id., quoting Bull v. United States*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). Similarly, the Eleventh Circuit interpreted the decision in *Bull* to establish a three part test for recoupment: "[the claimant] must show that (1) the TILA violation and the creditor's debt arose from the same transaction, (2) [the claimant] is asserting her claim as a *defense*, and (3) the 'main action' is timely." *Id., quoting Smith v. Am. Fin. Sys., Inc. (In re Smith)*, 737 F.2d 1549, 1553 (11th Cir.1984) (emphasis in original).

In *Coxson*, the defendant's position was, as is Saxon's position in this litigation, that it was "hauled" into court and the TILA causes of action were being used offensively, not defensively, and could not be raised in recoupment. 43 F.3d at 194. However, the Fifth Circuit, agreeing with the District Court, determined that, under the language of § 1640(e), "filing a proof of claim is 'an action to collect the debt'" and ruled that the TILA claim was timely under the recoupment exception recognized by § 1640(e). *Id.*[8] The *Coxson* decision

---

**7.** The court notes that setoff in bankruptcy court has a different standard than recoupment. Setoff involves two mutual pre-petition debts which can be from different transactions. Unlike recoupment, the requirements of setoff are addressed in the Bankruptcy Code, 11 U.S.C. § 553. However, § 553 does not create setoff rights, but simply preserves the rights available under state law. *Roberds, Inc. v. Lumbermen's Mut. Cas. Co. (In re Ro-*

*berds, Inc.)*, 285 B.R. 651 (Bankr.S.D.Ohio 2002). Although setoff is mentioned in 15 U.S.C. § 1640(e), the statute of limitation exception argued by the Debtor and ruled upon in this decision is based only on the doctrine of recoupment as an exception to otherwise applicable RESPA, TILA and HOEPA statutes of limitation.

**8.** The same conclusion was reached in *McNinch v. Mortgage Am., Inc. (In re*

noted that the "claims arise from the same underlying transaction,[9] the contract for financing the Coxsons' home." *Id.* This court agrees with the *Coxson* reasoning.

It is notable that, consistent with *Coxson*, the Supreme Court concluded that the separate rescission statute in TILA did not have a recoupment exception and compared this section to § 1640(e), which allows such recoupment claims under TILA:

> It is useful to look ahead to § 1640 with its provisions for recovery of damages. Subsection (e) reads that the 1–year limit on actions for damages "does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law." 15 U.S.C. § 1640(e). *Thus the effect of the 1–year limitation provision on damages actions is expressly deflected from recoupment claims.* The quite different treatment of rescission stands in stark contrast to this, however, there being no provision for rescission as a defense that would mitigate the uncompromising provision of § 1635(f) that the borrower's right "shall expire" with the running of the time. Indeed, when Con-

gress amended the Act in 1995 to soften certain restrictions on rescission as a defense … it took care to provide that any such liberality was "subject to the [three year] time period provided in subsection (f)," *ibid.*, and it left a borrower's only hope for further recoupment in the slim promise of § 1635(i)(3), that "[n]othing in this subsection affects a consumer's right of rescission in recoupment under State law." … *Thus, recoupment of damages and rescission in the nature of recoupment receive unmistakably different treatments,* which under the normal rule of construction are understood to reflect a deliberate intent on the part of Congress.

*Beach v. Ocwen Federal Bank,* 523 U.S. 410, 417–18, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998) (underlining added).

The fact that the debtors in *Coxson* were the plaintiffs did not preclude a finding that the TILA claims were being raised defensively. *Coxson,* 43 F.3d at 194. Other bankruptcy court decisions have similarly ruled that a proof of claim constitutes "an action to collect a debt." See, *e.g., Soto v. PNC Bank (In re Soto),* 221 B.R. 343, 359 (Bankr.E.D.Pa.1998). But cf. *Williams v. Countrywide Home Loans, Inc.,* 504 F.Supp.2d 176, 188

---

*McNinch),* 250 B.R. 848, 852–53 (Bankr. W.D.Pa.2000). *McNinch* was ultimately affirmed by the Third Circuit, without opinion. *McNinch v. Harris Trust Sav. Bank,* 281 F.3d 222 (3rd Cir.2001) (table decision). See also *Maddox v. Kentucky Finance Co.,* 736 F.2d 380, 382 (6th Cir.1984) (Although a counterclaim to a debt collection suit, raised as a TILA claim, is not a compulsory counterclaim pursuant to Rule 13(a), they "arise out of the same transaction[.]").

**9.** Although not disputed by the parties, it is significant to note that, consistent with the use of this term in recoupment decisions, this court determines that the two mortgage loans closed on or about May 25, 2005 constitute

the "same underlying transaction" for purposes of the recoupment exception to the relevant statutes of limitation. See, *e.g., In re Reeves,* 265 B.R. 766, 770 (Bankr.N.D.Ohio 2001), in which the court noted that, although the term transaction has been given "different interpretations, which vary in restrictiveness", claims arising from the same event meet the "same transaction requirement." In this instance, all of the Debtor's allegations arise from the same event that is the basis for Saxon's claim in this bankruptcy case: the closing of the two mortgage loans. See also Saxons' proof of claim (5–1), which notes May 25, 2005 as the "date debt was occurred."

(S.D.Tex.2007) (*Coxson's* reasoning is inapplicable where the Plaintiff "is not seeking to reduce the sums owed or to reduce its recovery, but is instead seeking affirmative relief as an independent claim."); *Oliver v. Bank One, NA,* 2000 WL 33907677, at *2 (N.D.Miss. Jan.24, 2000) (while recognizing the principle of *Coxson,* the court concluded that a negative credit report does not constitute an "action to collect a debt.").[10] Accordingly, this court concludes that the Plaintiff's damage claims are defensive actions against Saxon's filed proof of claim[11] and as such, none of the Plaintiff's damage causes of action are barred by the one year statute of limitation.

**RESPA Causes of Action for Damages are in the Nature of Recoupment and are Excepted from the One Year Statute of Limitation of 12 U.S.C. § 2614**

The RESPA damage statute of limitation section, 12 U.S.C. § 2614, states "[a]ny action pursuant to the provisions of section 2605, 2607, or 2608 of this title may be brought in the United States district court or in any other court of competent jurisdiction, for the district in which the property involved is located, or where the violation is alleged to have occurred, within 3 years in the case of a violation of section 2605 of this title and 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation, except that actions brought by the Secretary, the Attorney General of any State, or the insurance commissioner of any State may be brought within 3 years from the date of the occurrence of the violation."

Section 2614 of Title 12 of the United States Code provides a one year statute of limitation for private RESPA causes of action. Specifically relevant to this litigation is 12 U.S.C. § 2607, which concerns the prohibition against kickbacks and unearned fees in mortgage loan transactions, and is subject to this one year statute of limitation. Unlike 15 U.S.C. § 1640(e), 12 U.S.C. § 2614 does not mention recoupment as an exception to the one year statute of limitation for such actions by private individuals. However, the court agrees that "[e]ven though RESPA does not explicitly authorize actions by way of recoupment, the Debtors are not foreclosed from using the statute defensively against [the mortgage creditor's] claim." *In re Thompson,* 350 B.R. 842, 852 (Bankr. E.D.Wis.2006).

As noted earlier, the United States Supreme Court decision in *Bull* held that recoupment claims are not subject to a statute of limitation if those claims arise from the same transaction as the obligations which they are to negate and the main action is timely. *Bull v. United States,* 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935). "[A]ctions by way of recoupment have been recognized by court decision in a broad variety of federal statutory settings including the bankruptcy

---

**10.** In addition, other decisions have concluded that damage claims under TILA are not defensive when they only assert statutory damages as opposed to actual damages. *In re Sallings,* 357 B.R. 646, 649–50 (Bankr. N.D.Ala.2007). As described in one decision, statutory damages are "explicitly a bonus for the Plaintiff, designed to encourage private enforcement of the Act, and a penalty against the defendant, designed to deter future violations." *Williams v. Countrywide Home Loans, Inc.,* 504 F.Supp.2d 176, 186 (S.D.Tex.2007).

In this instance, the Plaintiff seeks both statutory and actual damages.

**11.** Nevertheless, Plaintiff's claims, which not only seek recoupment under federal consumer lending protection statutes, such as RESPA, TILA and HOEPA, but also seek to avoid Saxon's lien under various theories, are appropriately pursued through an adversary proceeding.

code, the internal revenue code, and prior to Congressional clarification-in regard to TILA." [12] *Thompson,* 350 B.R. at 852, *citing Integra Bank/Pittsburgh v. Freeman,* 839 F.Supp. 326, 330, n. 6 (E.D.Pa.1993). See also *Harvey v. EMC Mortgage Corp. (In re Harvey),* 2003 WL 21460063, at *7–8 (Bankr.E.D.Pa. June 9, 2003) (allowing otherwise time-barred RESPA claims in recoupment).[13]

Although not cited by either party, the court finds it is important to explain why this decision is consistent with the Supreme Court's ruling in the previously cited decision in *Beach.* In *Beach,* the court was faced with the legal question of whether a TILA rescission claim could be raised in recoupment beyond the three year statute of limitation of 15 U.S.C. § 1635(f). *Beach,* 523 U.S. at 415, 118 S.Ct. 1408. The court, citing the *Bull* decision, recognized this general proposition: "[The Beaches] are, of course, correct that as a general matter a defendant's right to plead 'recoupment,' . . . survives the expiration of the period provided by a statute of limitation that would otherwise bar the recoupment claim as an independent cause of action." *Id.* (internal citations omitted). However, the statutory language at issue in *Beach* (15 U.S.C. § 1635(f)) contemplated not a simple statute of limitation, but instead a jurisdictional bar to the following rescission recovery after three years:

*An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property,* whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor, except that if (1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provi-

---

**12.** Prior to the amendment of 15 U.S.C. § 1640(e) effective October 1, 1982, the statute of limitation statute, like the current RESPA statute, made no reference to a recoupment exception. *Smith v. Am. Fin. Sys., Inc. (In re Smith),* 737 F.2d 1549,1552, n. 6 (11th Cir.1984).

**13.** Saxon cites a series of unreported decisions from Connecticut state trial courts to support the legal argument that otherwise time-barred RESPA damage claims cannot be raised under the equitable defense of recoupment. Saxon cites *Security Pacific Nat'l Bank v. Robertson,* 1997 WL 561235, at *4 (Conn.Super.Ct. Aug.28,1997) for the proposition that "RESPA is not a defense." The decision states that RESPA is not a defense to a state court foreclosure because a RESPA violation has no effect on the mortgage agreement. That issue is not before this court. The Plaintiff is seeking damages under RESPA, specifically allegations of a yield spread premium kickback, in the form of recoupment. The Plaintiff's challenge to the mortgage itself is not based on RESPA, but instead TILA and other legal theories not at issue in Saxon's motion (See Doc. 1). *G.E. Capital Mortgage Svcs., Inc. v. Baker,* 1999 WL 511156 (Conn.Super.Ct.1999) is a decision by the same Judge, reiterating the same legal conclusion reached in *Robertson.* The third decision cited from the Connecticut Superior Court, *Webster Bank v. Linsley,* 2001 WL 1042581 (Conn.Super.Ct. Aug.14, 2001), if anything, supports the Plaintiff's position because it notes the issue of whether a RESPA violation could be a counterclaim to a foreclosure is based upon whether the alleged violation arises out of the same transaction and not whether the RESPA violation can affect the validity of the note or mortgage. *Id.* at *9.

Additionally, *In re Klinger,* 2007 WL 1795877, at *5 (Bankr.D.Conn. June 21, 2007), an unreported bankruptcy decision, simply concludes that "failure to comply with RESPA does not adversely affect the validity or enforceability of the Note" and cites to 12 U.S.C. § 2615 which states the same legal proposition. Again, the Plaintiff is not seeking to challenge the mortgage or note under RESPA, but seeking damages, specifically under 12 U.S.C. § 2607(d), related to allegations of a yield spread premium kickback.

sions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding, then the obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property, or upon the expiration of one year following the conclusion of the proceeding, or any judicial review or period for judicial review thereof, whichever is later (underlining added).

In considering this "expiration" language, the Court concluded that "[s]ection 1635(f) ... takes us beyond any question of whether it limits more than the time for bringing a suit, by governing the life of the underlying right as well." *Id.* at 417, 118 S.Ct. 1408. In reviewing 12 U.S.C. § 2614, this court concludes that its language operates not as a jurisdictional bar in the manner of 15 U.S.C. § 1635(f), but instead is a simple statute of limitation for RESPA damage claims, more akin to the TILA and HOEPA statute of limitation of 15 U.S.C. § 1640(e).

Accordingly, the Plaintiff's RESPA cause of action can be raised in the form of recoupment to reduce or mitigate Saxon's proof of claim and is not barred by 12 U.S.C. § 2614.

### Requests for Attorney Fees or Other Costs may be Included with Causes of Action that may be Pursued under the Doctrine of Recoupment

The parties also raise whether the Plaintiff's request in her complaint for attorney fees and costs can be in the nature of recoupment.

RESPA specifically provides for the recovery of costs and attorney fees by the prevailing party. 12 U.S.C. § 2607(d)(5).[14] Such attorney fees and costs also may be awarded for violations of TILA and HOEPA pursuant to 15 U.S.C. § 1640(a)(3). The court finds no principled basis to parse the equitable doctrine of recoupment to conclude that a plaintiff can seek damages to reduce a creditor's proof of claim under federal predatory lending statutes, but cannot include attorney fees in those recoupment damages. Moreover, under the standard of 15 U.S.C. § 1640(e), the court cannot find any authority, and Saxon cites none, that suggests Ohio law would prohibit attorney fees raised as part of a recoupment claim.

Ohio authority supports the ability of a claimant to pursue attorney fees and costs defensively in recoupment. In *Riley v. Montgomery*, 11 Ohio St.3d 75, 463 N.E.2d 1246, 1249 (1984), the Supreme Court of Ohio upheld a legal malpractice claim in recoupment against a suit on account of attorney fees and noted "[t]he general rule is that statutes of limitations bar affirmative counterclaims, but do not affect claims offered in defense or recoupment, arising from the same transaction that forms the basis for the plaintiff's complaint." In *Easy Living, Inc. v. Whitehead*, 65 Ohio App.2d 206, 417 N.E.2d 591 (1979), an Ohio Court of Appeals upheld the pursuit of an otherwise time barred TILA claim as a recoupment defense. Finally, in *First Nat'l Bank of Cincinnati v. Williams*, 1980 WL 352730, at *5 (Ohio Ct.App.1980), an Ohio Court of Appeals sanctioned a TILA recoupment claim for attorney fees, noting that "[s]ince the statute of limitations has run on her [TILA] claims, she cannot gain money by raising them as a

---

**14.** The Plaintiff incorrectly refers to "15 U.S.C. § 2607(d)(4)" in paragraph 172 of her complaint (Doc. 1).

defense; but there is no good reason to cause her to lose money by so raising them." Although this court recognizes that these decisions do not bind this court, the court finds them persuasive and nothing in the line of cases governing the equitable doctrine of recoupment, 15 U.S.C. § 1640(e), or Ohio law that would preclude the recovery of attorney fees under actions which may be raised defensively in recoupment.

Saxon cites four decisions for the proposition that attorney fees and costs cannot be raised as recoupment claims. In *Plant v. Blazer Fin. Svcs., Inc. of Georgia*, 598 F.2d 1357 (5th Cir.1979) the court concluded that setoff was not available under 15 U.S.C. § 1640. However, the decision pre-dates the amendment of 15 U.S.C. § 1640(e) to specifically allow for recoupment actions after one year from the occurrence of a TILA violation. Additionally, the decision did not address recoupment. Further, the *Platt* decision upheld the recovery of attorney fees by the plaintiff debtor, and merely prohibited the defendant creditor from setting off its claim under the subject loan against the attorney fees awarded to the plaintiff debtor. The *Platt* decision noted that, to allow such a creditor setoff, would discourage debtor actions under the federal consumer housing statutes. *Id.* at 1366. By contrast, in this adversary proceeding, allowing attorney fees to be included in the Plaintiff's recoupment claim would not have the deterrent effect the court was avoiding in *Platt*, but similarly encourages debtors to pursue remedies under the federal consumer housing statutes.

Another unreported bankruptcy court decision, which was addressing the enforceability of an arbitration agreement, concluded that attorney fees cannot be raised defensively because the sections of TILA cited by the plaintiff did not provide

for the right to attorney fees as part of a defensive claim. *Martinez v. Beneficial Texas, Inc. (In re Martinez)*, 2007 WL 1174186, at *6, n. 5 (Bankr.S.D.Tex. Apr.19, 2007). Another unreported decision, with limited analysis, concluded that attorney fees cannot be used for setoff purposes. *Tarver v. CitiFinancial Auto, Ltd. (In re Tarver)*, 2007 WL 1876369, at *4 (Bankr.M.D.Ala. June 28, 2007). Finally, *In re Dawson*, 2008 WL 1700419, at *8, n. 10 (Bankr.D.D.C. Apr.9, 2008), concluded, in dicta, that attorney fees may not be recoverable as defensive actions. However, as explained, this court determines that the federal consumer housing statutes cited in the Plaintiff's complaint allow costs and attorney fees, 15 U.S.C. § 1640(e) allows recoupment unless prohibited by state law and Ohio law does not prohibit attorney fees or costs to be recoverable under the doctrine of recoupment.

■ Accordingly, attorney fees and costs are recoverable under the doctrine of recoupment to the extent that a) the underlying causes of action permit the recovery of attorney fees and costs; b) any recovery is limited to the applicable law governing the appropriateness of attorney fees and costs; and c) any recovery is limited to reducing the lender's allowed claim, as established by its proof of claim. This determination is consistent with the policy of encouraging borrowers to pursue remedies under these federal consumer protection statutes. *Williams*, 1980 WL 352730, at *5; *Rivera*, 363 N.E.2d at 777–78. In conclusion, the Plaintiff's claims for attorney fees and costs can be raised in the nature of recoupment to reduce the total amount of Saxon's proof of claim.

## Conclusion

Saxon Mortgage's motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(c) (Doc. 14) is **denied.** The

court will issue a separate order simultaneously with this decision.